JAMES J. McCABE et al., Respondents, v. WILLIAM McMAHON et al., Appellants.— Order unanimously reversed on the law and facts motion denied, and verdicts reinstated, without costs. Memorandum: In setting aside the verdicts the court said: " The verdict herein was clearly inadequate and furthermore, after said verdict was reported a juror in consultation with the court revealed certain matters to the court that in the court's opinion is sufficient to set aside the determination of damages." The court said further that the verdicts were against the weight of the evidence. We disagree. It was a question of fact whether the plaintiff wife's phlebitis was related to the accident, and in view of her failure to call as a witness the doctor who treated her during her first hospitalization after the accident, and the testimony of defendants' doctor that the first hospitalization could not have caused the phlebitis, the jury was warranted in limiting her recovery to the whiplash injury. The objective evidence with respect to such injury indicated that it was not severe, and although the verdict for the wife was far from generous, it may not be said as a matter of law that it was inadequate. The verdict for the husband included all the special damages related to the traumatic injury and a reasonable amount for his loss of his wife's services by reason thereof; and it cannot be said to be inadequate. It should be added that before the court may place reliance upon an off-the-record statement of a juror made after the verdict, the parties should be afforded an opportunity to examine the juror in open court (see *Hosford* v. *New York State Elec. & Gas Corp.*, 285 App. Div. 992; and *Kessler* v. *Fifth Ave. Coach Co.*, 254 App. Div. 800). (Appeal from order of Erie Trial Term granting new trial

in automobile negligence action.) Present — Bastow, P. J., Del Vecchio, Marsh, Witmer and Henry, JJ.